## Pursel, Appellant, *v.* Reading Iron Company.

*Practice, C. P.—Parties—Action allegata and probata.*

1. Where a suit is brought in the name of an administratrix on a deed or contract, and subsequently an amended statement is filed setting forth a later agreement differing in certain of its terms from the earlier one, and the cause of action is declared to be in the heirs and not in the administratrix of the deceased, the action cannot be sustained by putting in evidence the earlier writing and showing that the defendant had failed to comply with its terms.

2. The plaintiff cannot recover in a suit where he avers in his pleadings a cause of action in one party and proves a right to recover in another party.

Argued Feb. 26, 1912. Appeal, No. 6, Jan. T., 1912, by plaintiff from order of C. P. Montour Co., June T., 1909, No. 46, refusing to set aside nonsuit in case of William R. Pursel, Surviving Administrator of Daniel Pursel, deceased, now Blanche E. Pursel, substituted plaintiff, v. The Reading Iron Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover minimum royalties. Before
EVANS, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*James Mercer Davis,* with him *A. S. Ashbridge, Jr.,*
and *John Warren Davis,* for appellant.—The adminis-
trator, and not the heirs, is the proper party plaintiff in
this suit: McClure's App., 72 Pa. 414; Gideon's Est.,
2 W. N. C. 355; Chew v. Chew, 3 Grant 289; Chew v.
Chew, 28 Pa. 17.

And the law requiring the administrator to sue for
these royalties is not changed by the alleged agreement
of February 16, 1883, made between some of the heirs
of Daniel Pursel and the Montour Iron and Steel Co.:
McManus v. Cassidy, 66 Pa. 260.

*Jefferson Snyder,* with him *James Scarlet, Ralph
Kisner* and *Grant Herring,* for appellee.—The suit is
brought in the name of the administrator of Daniel
Pursel, deceased, and the proof shows that if any one
is entitled to recover the heirs are entitled and not the
administrator: Gallagher v. Hicks, 216 Pa. 243; Mc-
Keever v. Westmoreland Coal Co., 219 Pa. 234; Con-
nery v. Brooke, 73 Pa. 80; Creveling v. Wood, 95 Pa.
152; Kendall v. Klapperthal Co., 202 Pa. 596.

OPINION BY MR. JUSTICE MESTREZAT, April 15, 1912:

The nonsuit was properly entered in this case on the
ground of the variance between the probata and the
allegata. The action was brought in the name of the
administratrix of Daniel Pursel, and the original state-
ment averred her right to recover on the deed or con-
tract of 1862. The statement was amended by the aver-
ment of the agreement of February 16, 1883. The
amended statement avers that by the agreement of
1883 "the original agreement (of 1862) hereinbefore set

forth was modified in that the price per gross ton was reduced from seventy-five cents for soft iron ore to fifty cents, and from thirty-seven and one-half cents for hard limestone iron ore to twenty-five cents; and the payment of the minimum royalty of seventy-five cents per ton on five thousand tons, whether mined or not, was postponed to January 1, 1885." This agreement was executed by the heirs of Daniel Pursel, deceased, and the Montour Iron and Steel Company and, except as therein modified, "continued, ratified and confirmed" the original agreement between Daniel Pursel and Waterman and Beaver. The amended statement, therefore, declared the cause of action to be in the heirs and not in the administratrix of Daniel Pursel. The action could not be sustained by putting in evidence the deed of 1862 and showing that the defendant had failed to operate the ore banks to their minimum capacity. This would have been sufficient under the original statement, but under the amended statement it was wholly inadequate. Such proof showed that the right of action, if any, was in the administratrix and this did not accord with the allegata in the amended statement. If the plaintiff intended to rely upon the deed of 1862 between her decedent and Waterman and Beaver, there could have been no purpose in making the amendment. The terms of the agreement of 1883, between the heirs and the Montour Iron and Steel Company, were at least in part different from those of the original agreement, and recited that "the said rents or royalties . . . have passed by descent to" the heirs of Daniel Pursel. Whatever may have been the intention of the plaintiff in amending the statement by introducing the agreement of 1883, the amended statement clearly disclosed an agreement between the heirs and the Montour Iron and Steel Company relative to royalties on ores taken from these premises, and that the cause of action, if any, for the royalties claimed is in the heirs and not in the administratrix of the decedent.

What, if any, party is entitled to recover for minimum royalties alleged to be due from the defendant need not be determined here. It is sufficient to say, in support of the nonsuit, that when the plaintiff rested, the testimony tended to show a right to recover in her, while the statement disclosed a cause of action in the heirs of the decedent. A plaintiff cannot recover in a suit where he avers in his pleadings a cause of action in one party, and proves a right to recover in another party. The other questions discussed on the argument need not be considered.

The judgment is affirmed.